**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armando Morales, et al., | No. CV-23-00498-TUC-BGM |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Tucson, et al., | |
| Defendants. | |

Before the Court is Plaintiff Armando Morales' Motion for Leave to Submit Proposed Second Amended Complaint, (Doc. 38), which the Court interprets as Plaintiff's amended motion for leave to file second amended complaint. The motion has been fully briefed. (Docs. 31, 33, 35.[1]) For the reasons that follow, Plaintiff's motion is granted.

## BACKGROUND

On August 18, 2022, Martin Batista's body was found in an area of empty desert near 36th Street and Campbell Avenue in Tucson, Arizona. (Doc. 31 at 2.) The same day, Armando Morales was detained and questioned by the Tucson Police Department (TPD)

---

[1] On September 15, 2024, Plaintiff filed a Motion for Leave to File Second Amended Complaint and Memorandum. (Doc. 31.) The Court denied the motion without prejudice and instructed Plaintiff to "re-file his *motion and* second amended complaint in compliance with LRCiv 15.1(a)." ((Doc. 37 at 2) (emphasis added).) Plaintiff only re-filed his proposed second amended complaint without a supporting memorandum and renamed his motion. (*See* Doc. 38.) While Plaintiff's original motion was denied without prejudice, the Court adopts the motion's supporting memorandum of points and authorities, (*see* Doc. 31 at 1- 4), to address the issue at hand rather than request that Plaintiff re-file it again.

about Batista's death. (*Id.*) Morales denied any involvement or knowledge of Batista's passing and was released. (*Id.*) However, five days later, Morales was arrested and charged him with failing to remain at the scene of an accident involving serious injury or death. (*Id.*) Morales was ordered detained on a $50,000 bond. (*Id.*)

Shortly after his arrest, the TPD prepared and published a press release identifying Morales as the suspect in Batista's hit and run incident, which resulted in Batista's death. (*Id.* at 3.) The press release was widely publicized on internet news reports and the local news. (*Id.*) Despite the wide dissemination of the press release, the Pima County Attorney's Office declined to press charges, and Morales was released after spending nine days in custody. (*Id.* at 2.)

On October 23, 2023, Morales filed the action at hand in Pima County Superior Court raising claims of civil rights violations, false arrest, intentional infliction of emotion distress, and negligent infliction of emotional distress. (Doc. 1-3 at 22-35.) The case was removed to this Court eleven days later. (*See* Doc. 1 at 1-2.)

On April 2, 2024, the Court issued a Scheduling Order giving the parties until the end of June to amend their pleadings. (Doc. 19 at 1.) The Court also set a mid-September discovery deadline and gave the parties until mid-October to file dispositive motions. (*Id.* at 2-3.)

On September 15, 2024, two days after the discovery deadline had passed, Morales filed the motion at hand asking that the Court grant him leave to file a second amended complaint due to an intervening change in the law. (Doc. 31 at 2.) Morales' request was denied without prejudice and he was given time to re-file his motion. (Doc. 37.) Shortly after Plaintiff filed his amended motion, Defendants filed a summary judgment motion and statement of facts. (Docs. 39-40.) This Order follows.

## LEGAL STANDARD

"When a party seeks to amend its pleading after the date specified in the scheduling order has passed, the party must first satisfy the requirements of Rule 16, and then must demonstrate amendment is proper under Rule 15." *Acosta v. Austin Elec. Servs. LLC*, 325

F.R.D. 325, 328 (D. Ariz. 2018) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)). Under Rule 16, a court may modify a scheduling order only for "good cause." Fed. R. Civ. P. 16(b)(4). The good cause standard "considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. A party demonstrates good cause "by acting diligently to meet the original deadlines set forth by the court." *Acosta*, 325 F.R.D. at 328. In analyzing a party's diligence, a court may consider: (i) "the party's diligence in assisting the court in creating a workable Rule 16 order;" (ii) "whether the party's noncompliance with a Rule 16 deadline occurred because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the … scheduling conference;" and (iii) "whether the party was diligent in seeking amendment of the Rule 16 order once it became apparent the party could not comply." *Id.* If the moving party fails to demonstrate diligence, the inquiry ends. *Johnson*, 975 F.2d at 609.

Under Rule 15(a), leave to amend shall be freely given "when justice so requires," but a court may exercise its discretion to deny amendment due to "undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party … , or futility of amendment." *Wash. State Republican Party v. Wash. State Grange*, 676 F.3d 784, 797 (9th Cir. 2012) (cleaned up). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim[.]" *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The mere fact that an amendment is offered late in the case is not enough to bar it, *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981), and courts may grant leave to amend in "situations where the controlling precedents changed midway through the litigation," *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117-18 (9th Cir. 2013).

## DISCUSSION

Morales brings his amended motion for leave to file second amended complaint asserting that the United States Court of Appeals for the Ninth Circuit's decision in *Houston v. Maricopa, Cnty. of, Arizona*, No. 23-15524, 2024 WL 4048897 (9th Cir. Sept.

5, 2024), provides him with a viable cause of action for the publication of information that identified him as an arrestee and suspect of the hit and run incident involving Batista. (Doc. 31 at 3.) Morales requests that the Court allow him to file the amended complaint and asserts that if his request is granted, he anticipates moving to reopen limited discovery for approximately sixty days. (*Id*. at 4.) Defendants oppose Morales' request asserting that his proposed amended complaint would be futile because the new claim on which his request is based is predicated on an incognizable legal theory. (Doc. 34 at 1-4.) The Court finds that Morales has demonstrated diligence throughout this case and concludes that his proposed amended complaint would not be futile. As such, Morales' request to file a second amended complaint is granted.

## I. Morales Demonstrates Good Cause to Amend

A motion for leave to file an amended complaint that is submitted after a scheduling deadline to do so is analyzed under Rule 16's "good cause" standard. *See Johnson*, 975 F.2d at 607-08. The good cause standard primarily considers the diligence of the party seeking to amend his complaint. *Id*. at 609. To determine whether the moving party has sufficiently demonstrated diligence, the Court may consider: (i) the party's diligence in assisting the Court in creating a scheduling order; (ii) whether the party's noncompliance with a scheduling deadline occurred because of the development of matters which could not have been reasonably foreseen at the time of the scheduling conference; and (iii) the party's diligence in seeking amendment of the scheduling deadline once it became apparent that the party could not comply. *Acosta*, 325 F.R.D. at 328.

Here, review of the docket indicates that Morales has demonstrated diligence throughout the litigation. Morales and the opposing party filed a timely Joint Rule 16 Report, which the Court used to create a scheduling order. (*See* Doc. 17.) Additionally, the controlling decision on which Morales relies for his new cause of action was issued only eight days before the discovery deadline in this case. *See Houston*, 2024 WL 4048897 at *1; (Doc. 19 at 2). Finally, Morales filed his motion for leave to file a second amended complaint within ten days of issuance of the controlling decision. As such, the Court finds

that Morales has demonstrated the requisite level of good cause under Rule 16.

## II. Amendment Not Futile

Once the moving party demonstrates good cause under Rule 16, he must then demonstrate that amendment is appropriate under Rule 15. *See Johnson*, 975 F.2d at 608. Under Rule 15(a), leave to amend shall freely be given, but a district court may exercise its discretion to deny leave when there is "strong evidence" of "futility of amendment." *Sonoma Cnty.*, 708 F.3d at 1117. Courts consider amendment futile "[i]f no amendment would allow the complaint to withstand dismissal as a matter of law." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020). Defendants argue Morales' proposed amendment is futile because controlling caselaw fails to indicate that pretrial detainees may bring substantive due process claims against law enforcement agencies for actions taken in connection with a criminal investigation and arrest. (Doc. 34 at 4.) The Court disagrees.

The Fourteenth Amendment prohibits punishment of pretrial detainees. *Demery v. Arpaio*, 378 F.3d 1020, 1029 (9th Cir. 2004). "To constitute punishment, a government action must (i) harm a detainee and (ii) be intended to punish him." *Houston*, 2024 WL 4048897, at *3. Humiliation or discomfort resulting from the public display of a suspect's pretrial arrest and detention may constitute harm. *Demery*, 378 F.3d at 1029–30. Courts assess punitive purpose "by considering whether the challenged conduct operates as punishment or whether it is but an incident of some other legitimate governmental purpose." *Houston*, 2024 WL 4048897, at *3 (cleaned up). "In this circuit, a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002) (cleaned up).

In his proposed second amended complaint, Morales alleges that on or about August 23, 2022, Defendants City of Tucson, among others, intended to punish him prior to an adjudication of guilt by booking, fingerprinting, and photographing him and then drafting a press release that included his mugshot and identified him as the suspect in a

fatal hit and run incident. (Doc. 38, ¶¶ 39-41.) Morales adds that Defendants distributed the press release to local new stations and internet news outlets, the information was published to the public, and he suffered disgrace, emotional trauma, and harm as a result. (*Id*. ¶¶ 42-44.) Accordingly, Morales sufficiently states a Fourteenth Amendment substantive due process claim against Defendants, and his motion for leave to file a second amended complaint is granted. To the extent Morales brings his substantive due process claim against the wrong government entity, he may amend his complaint after additional discovery on the issue is completed.

**IT IS ORDERED** that Plaintiff's Motion for Leave to Submit Proposed Second Amended Complaint (Doc. 38) is GRANTED. Plaintiff is instructed to file and serve his second amended complaint in compliance with LRCiv 15.1 and the Federal Rules.

**IT IS FURTHER ORDERED** that discovery is reopened for a period of sixty (60) days from the date of issuance of this Order, only as it applies to Plaintiff's Fourteenth Amendment substantive due process claim.

**IT IS FURTHER ORDERED** that the dispositive motion deadline is extended to thirty (30) days after the close of discovery.

**IT IS FURTHER ORDERED** that all remaining case management deadlines in the Court's Scheduling Order shall remain in effect.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Doc. 39) and Statement of Facts in Support of Motion for Summary Judgment (Doc. 40) are STRICKEN as MOOT, as Plaintiff's Second Amended Complaint will be the operative pleading of this case.

Dated this 10th day of October, 2024.

*Honorable Bruce G. Macdonald*
*United States Magistrate Judge*